UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY #575198,

    Plaintiff,                              Hon. Gordon J. Quist

v.                                                 Case No. 1:19-cv-224

NOAH BRUNER,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss for Insufficient Service of Process. (ECF No. 13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied in part, as detailed herein.

**ANALYSIS**

Plaintiff initiated this action on March 25, 2019, against Noah Bruner, a social worker employed at the Carson City Correctional Facility. (ECF No. 1). On April 18, 2019, the Court entered an Order staying this case for the purpose of early mediation. (ECF No. 3). Mediation was not successful, and on May 9, 2019, the Court lifted the stay and ordered that the ninety-day period for service set forth in Federal Rule of Civil Procedure 4(m) start to run. (ECF No. 7).[1]  The Court further instructed Plaintiff that,

---

[1] The deadline for service has long since expired.

because he "is not proceeding *in forma pauperis* in this action, he is responsible for service of the summons and complaint upon each Defendant." (*Id.*).

Plaintiff attempted to effect service on Defendant Bruner by personally mailing him a copy of the summons and complaint. (ECF No. 8). Defendant Bruner now moves to dismiss Plaintiff's action pursuant to Rule 12(b)(5) on the ground that Plaintiff has not properly effected service of the summons and complaint. Defendant is certainly correct that a litigant cannot properly effect service on a defendant by personally mailing the defendant a copy of the summons and complaint. *See, e.g.,* Fed. R. Civ. P. 4(c)(2) ("[a]ny person who is at least 18 years old and not a party may serve a summons and complaint"); *Olson v. Federal Election Commission*, 256 F.R.D. 8, 10 (D.D.C. 2009) ("Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant. . .by mail").

The Court agrees that Plaintiff's attempt to effect service violates Rule 4 and is, therefore, insufficient. Plaintiff's arguments in response are not persuasive. First, Plaintiff suggests that Defendant's motion is much ado about nothing because Defendant actually received a copy of the summons and complaint. Contrary to Plaintiff's insinuation, "the requirement of proper service of process is not some mindless technicality," but instead "goes to the very heart of a court's ability to hear a case." *Campbell v. Rutherford County, Tennessee*, 2018 WL 4030568 at *3 (M.D. Tenn., Aug. 23, 2018) (citations omitted). Simply put, in the absence of proper service (or an affirmative waiver of such), "a court may not exercise personal jurisdiction over a named defendant." *Ibid.* (citations omitted). Accordingly, the Court rejects this argument.

The Court likewise rejects Plaintiff's argument that the Court order the United States Marshal to effect service, as Plaintiff has not been permitted to proceed *in forma pauperis* in this matter.

While the Court concludes that Plaintiff's attempt to effect service was insufficient, the Court possesses the discretion to interpret a motion to dismiss for insufficient service of process as a motion to quash service.  *See, e.g., Adams v. County of Calhoun*, 2017 WL 1217787 at *2 (W.D. Mich., Mar. 3, 2017).  Courts are encouraged to exercise this discretion in response to an initial motion to dismiss pursuant to Rule 12(b)(5).  *Ibid.* (recognizing the Sixth Circuit's "preference to treat the first motion for improper service as a motion to quash").  Considering the circumstances, the Court chooses to exercise this discretion.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant's motion to dismiss be interpreted as a motion to quash service.  The undersigned further recommends, for the reasons articulated herein, that Defendant's motion to quash be granted.  The undersigned further recommends that Plaintiff be afforded 45 days from the date that this Report and Recommendation is adopted to properly effect service on Defendant.

**Plaintiff is hereby reminded that is it his responsibility to properly effect service of the summons and complaint within the time permitted. In the event Plaintiff again fails to properly effect service on Defendant, or fails to do so by the deadline established herein, the Court will entertain a proper motion by Defendant to dismiss.**

Date: December 1, 2019    /s/ Phillip J. Green
                          PHILLIP J. GREEN
                          United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).