UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY #575198,

    Plaintiff,           Hon. Gordon J. Quist

v.                Case No. 1:19-cv-224

NOAH BRUNER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 58).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied in part.

## ANALYSIS

In his verified complaint, Plaintiff alleges the following.  (ECF No. 1).   On September 1, 2018, Plaintiff "learned his psychotropic medication was wrongfully discontinued."   Two days later, Plaintiff submitted a "formal complaint" regarding this matter, a copy of which was provided to social worker Noah Bruner.   On September 7, 2018, Bruner met with Plaintiff to discuss his mental health treatment.   Bruner informed Plaintiff that he would be placed on "Monday morning callout" for treatment and that if he failed to attend he would receive a misconduct ticket.

On September 10, 2018, Plaintiff failed to attend his 8:30 a.m. callout, after which Bruner charged Plaintiff with a misconduct for being out of place.   Bruner subsequently instructed the hearing officer to impose on Plaintiff the maximum penalty for this

violation.   On or about December 7, 2018, Bruner facilitated Plaintiff's transfer to a different MDOC facility where he was housed at a higher and more restrictive security level.    Bruner took these actions in retaliation for Plaintiff's previous complaint. Defendant Bruner now moves for summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies.   Plaintiff has responded to the motion.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   Prisoners are no longer required to demonstrate exhaustion in their complaints.  *See Jones v. Bock*, 549 U.S.

199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative

defense under the PLRA" which the defendant bears the burden of establishing.   *Ibid.*

     With respect to what constitutes proper exhaustion, the Supreme Court has stated

that "the PLRA exhaustion requirement requires proper exhaustion" defined as

"compliance with an agency's deadlines and other critical procedural rules."   *Woodford*

*v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all
> that is required by the PLRA to 'properly exhaust.'   The level
> of detail necessary in a grievance to comply with the grievance
> procedures will vary from system to system and claim to claim,
> but it is the prison's requirements, and not the PLRA, that
> define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

     MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures

for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner is required

to "attempt to resolve the issue with the staff member involved within two business days

after becoming aware of a grievable issue, unless prevented by circumstances beyond

his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division

in Operations Support Administration."   Mich. Dep't of Corr. Policy Directive 03.02.130

¶ P (July 9, 2007).   If this attempt is unsuccessful (or such is inapplicable), the prisoner

may submit a Step I grievance.   *Ibid.*   The Step I grievance must be submitted within

five business days after attempting to resolve the matter with staff.   *Id.* at ¶ V.   The

issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates,

times, places, and names of all those involved in the issue being grieved are to be included." *Id*. at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id*. at ¶ BB.   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   *Id*. at ¶ FF.   The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.   *Ibid.*

Plaintiff asserts that Defendant Bruner undertook three separate actions all for the purpose of retaliating against Plaintiff for complaining about the discontinuation of his psychotropic medication: (1) charging him with a misconduct violation; (2) instructing the hearing officer to impose the maximum penalty for the misconduct violation; and (3) facilitating Plaintiff's transfer to a different MDOC facility where he was housed at a higher and more restrictive security level.

A.    Charging Plaintiff with a Misconduct Violation

Plaintiff alleges that Defendant Bruner charged him with a misconduct violation as retaliation for previously complaining about his mental health treatment.   Plaintiff was required to assert his retaliation claim in the initial misconduct hearing.   *See Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011).   Plaintiff was further

obligated to "file an appeal [of the hearing decision] based on retaliation." *Robinson v. Newton*, 2020 WL 5634428 at *4 (W.D. Mich., Mar. 9, 2020).   Defendant argues that he is entitled to relief because Plaintiff failed to assert his retaliation claim in the initial misconduct hearing.   The Court is not persuaded.

First, Defendant has failed to establish that Plaintiff failed to raise his retaliation claim in the initial misconduct hearing.   In support of his position, Defendant cites to the "Misconduct Hearing Report."   (ECF No. 59-4, PageID.246).   This report states that Plaintiff "refused to participate in the hearing."   (*Id.*).   Defendant argues that this statement establishes that Plaintiff failed to assert his retaliation claim during the initial misconduct hearing.

The Misconduct Hearing Report has not been properly authenticated and Defendant has advanced no argument that this document is otherwise admissible or properly considered in support of his motion.[1]   Thus, this Report is inadmissible and does not advance Defendant's position.   Moreover, even if the statement in the Report that Plaintiff "refused to participate in the hearing" is considered admissible, the result

---

[1] Only admissible evidence can be considered when resolving a motion for summary judgment.   *See, e.g., Bluegrass Dutch Trust Morehead, LLC v. Rowan County Fiscal Court*, 734 Fed. Appx. 322, 327 (6th Cir., May 10, 2018).   The Court recognizes that a party opposing a motion for summary judgment may rely on evidence that is not presented in admissible form.   *See, e.g., McGuire v. Michigan Department of Community Health*, 526 Fed. Appx. 494, 496 (6th Cir., May 9, 2013) (where the nonmoving party bears the burden at trial, he may defeat a motion for summary judgment by relying on evidence which is not in admissible form, so long as its content is admissible).   Defendant has cited no authority extending this proposition to the party moving for summary judgment.

is the same.    Plaintiff asserts in his verified complaint that he did, in fact, attempt to participate in the misconduct hearing, but that Defendant Bruner interrupted the proceedings and instructed the hearing officer to simply impose on Plaintiff the maximum penalty.    (ECF No. 1, PageID.3).    To the extent Defendant interfered in the administrative hearing process thereby preventing Plaintiff from participating and asserting his retaliation claim, there is a legitimate question whether there even existed an exhaustion procedure for Plaintiff to pursue.    *See Ross v. Blake*, 136 S.Ct. 1850, 1858-60 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones," thus "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," the remedy is unavailable for purposes of the PLRA).

Finally, Plaintiff appealed his misconduct conviction.    (ECF No. 59-4, PageID.247).    In his appeal, Plaintiff expressly asserted that "[Defendant] Bruner wrote this misconduct out of retaliation."    The decision denying Plaintiff's appeal neither cited to, nor relied on, Plaintiff's alleged failure to assert his retaliation claim in the initial misconduct hearing.    (*Id.*).    It well understood that where the MDOC refuses to enforce such procedural requirements, this Court will not subsequently do so.    *See, e.g., Robinson*, 2020 WL 5634428 at *5 (citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).    In sum, with respect to this claim, Defendant has failed to satisfy his burden on the question of exhaustion.

B.    Instructing the Hearing Officer to Impose the Maximum Penalty and Facilitating Plaintiff's Transfer to a Higher Security Level

In response to the present motion, Plaintiff has submitted evidence that he submitted two separate Step I grievances regarding these claims.    (ECF No. 60). Plaintiff further asserts that because his grievances were not processed by prison officials he never received a response thereto.    (*Id.*).    Thus, Plaintiff argues that he pursued all his available administrative remedies.    Defendant counters with two arguments only one of which is persuasive.

First, Defendant argues that Plaintiff's "claims that his grievances were not processed are entirely conclusory" and must, therefore, be rejected because they are "self-serving."    That Plaintiff's evidence may be "self-serving" is of no consequence as relevant evidence is always "self-serving."    Further, the Court disagrees that Plaintiff's submissions are "conclusory."    In support of this argument, Defendant cites to *Gill v. Suburban Cadillac of Lansing, LLC*, 2020 WL 207199 at *4 (W.D. Mich., Jan. 14, 2020). This case, however, does not support Defendant's argument.

In *Gill*, the plaintiff alleged that she was the victim of racial discrimination. Specifically, the plaintiff alleged, in part, that "Defendant intentionally discriminated against her on the basis of her race by stealing her internet leads."    *Ibid.*    But, "[w]hen asked to identify any evidence that race played a part in the 'theft' of her internet leads, [Gill] offered nothing more than the conclusory statement: My leads were stolen because I was an African American female."    *Ibid.*    The Court found this testimony insufficient to defeat the defendant's properly supported motion for summary judgment.

-8-

There exists, however, an important distinction between the circumstance in *Gill* and that presently before the Court.   Gill's argument that she was the victim of racial discrimination was properly characterized as "conclusory" because she presented absolutely no evidence in support thereof.   On the other hand, Plaintiff's argument that he submitted the two Step I grievances is supported by evidence.   Plaintiff has submitted a sworn statement describing the actions he took in this regard.   Plaintiff's statements are not conclusory, but instead describe the specific actions he took and identify the specific dates on which he took the action in question.   Plaintiff's allegations, if believed, establish that he submitted the two Step I grievances in question. The Court, therefore, rejects this argument.

Defendant next argues that, even if Plaintiff did submit these two Step I grievances, his claims must be dismissed because he failed to further pursue either matter by submitting Step II or Step III grievances.   The Court agrees.   As noted above, according to MDOC Policy, a prisoner may file a Step II grievance if he is dissatisfied with the Step I response or if no Step I response is provided.   Thus, even where a prisoner receives no response to his Step I grievance, he is still required to at least attempt to pursue his grievance through all three steps of the prison grievance process.   *See, e.g., Doe v. Michigan Department of Corrections*, 2016 WL 465496 at *11 (E.D. Mich., Feb. 8, 2016) (MDOC policy "allows appeal to the next grievance step even when the prisoner has received no response or an untimely response"); *Miller v. Westcomb*, 2015 WL 5714577 at *3 (W.D. Mich., Sept. 29, 2015) (same).

-9-

Plaintiff concedes that he took no action to even attempt to pursue these two grievances to Step II or Step III.   Instead, Plaintiff argues that because he received no response to his Step I grievances, the grievance process was "unavailable."   This assertion, however, is belied by the MDOC policy provisions and authority identified above.   Accordingly, the undersigned finds that with respect to these two claims, Defendant Bruner has satisfied his burden on the exhaustion question.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant's Motion for Summary Judgment (ECF No. 58) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's claim that Defendant Bruner charged him with a misconduct violation for retaliatory purposes proceed forward, but that Plaintiff's other two claims be dismissed without prejudice for failure to properly exhaust administrative remedies.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                    Respectfully submitted,

Date: August 23, 2021                    /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge