UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEROME HAILEY #575198,

      Plaintiff,                         Case No. 1:19-cv-224

v.                                          HON. GORDON J. QUIST

NOAH BRUNER,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      This is a civil rights action brought by state prisoner, Jerome Hailey, pursuant to 42 U.S.C. § 1983. Hailey alleges that Defendant, Noah Bruner, retaliated against him by (1) charging him with a misconduct violation; (2) instructing the hearing officer to impose the maximum penalty for the misconduct violation; and (3) facilitating Hailey's transfer to a different MDOC facility where he was housed at a high and more restrictive security level. Defendant moves for summary judgment on the ground that Hailey has failed to exhaust his administrative remedies. On August 23, 2021, U.S. Magistrate Judge Phillip J. Green issued a Report and Recommendation (R & R), recommending that the Court grant in part and deny in part Defendant's motion for summary judgment. (ECF No. 66.) Hailey has filed objections. (ECF No. 67.)

      Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The issue in this case is whether the Hailey exhausted all available administrative remeides. In his response to Defendant's motion for summary, Hailey alleged that he sent two Step I grievances but "did not receive a receipt nor any proof of a unique identification number nor a rejection from the DRF Grievance Coordinator." (ECF No. 60.) Thus, Hailey contended that the grievance system was unavailable to him. The magistrate judge disagreed. He determined that even if Hailey received no response to his Step I grievances, he was still required to at least attempt to pursue his grievances through all three steps of the prison grievance process.

Hailey objects and argues that he could not proceed to Step II because he did not have grievance identification numbers or any receipt/response from the grievance coordinator. But, as correctly found by the magistrate judge, the MDOC Policy expressly permits a grievant to proceed to Step II if he did not receive a timely response to his Step I grievance. MDOC Policy Directive 03.02.130 ¶ BB (July 9, 2007). The grievant must request the CSJ-247B form from the Step I Grievance Coordinator and send the completed form to the Step II Grievance Coordinator. *Id.*

Hailey concedes that he did nothing after he did not receive a response to either grievance. He did not contact the Step I grievance coordinator to obtain the necessary form to proceed to Step II. Furthermore, there is no evidence in the record to establish that his Step II grievance would have been rejected because he did not have a grievance identification number. "[P]rison officials' non-response to a grievance is not a basis for the procedure to be unavailable because the Policy provides an avenue for a prisoner to appeal even a non-response." *Wilson v. Michigan Dep't. of Corr.*, 2019 WL 3759424, at *6 (E.D. Mich. Aug. 9, 2019); *see also Doe v. Michigan Dep't. of Corr.*, 2016 WL 465496 at *11 (E.D. Mich. Feb. 8, 2016); *Miller v. Westcomb*, 2015 WL 5714577

2

at *3 (W.D. Mich. Sept. 29, 2015). The Court agrees with the magistrate judge that Hailey should have at least attempted to proceed to Step II. Without doing so, he cannot claim that this is one of the rare circumstances where the grievance system is considered unavailable to him.

**Accordingly, IT IS HEREBY ORDERED** that the August 23, 2021, Report and Recommendation (ECF No. 66) is **adopted** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 58) is **granted in part** and **denied in part**.  Hailey's claims based on Defendant instructing the hearing officer to impose the maximum penalty for the misconduct violation and facilitating Hailey's prison transfer are **dismissed without prejudice**.

This case will proceed on Hailey's retaliation claim based on the misconduct ticket.

Dated:  December 27, 2021                                          /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE