UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HAILEY #575198,

      Plaintiff,                                          Hon. Gordon J. Quist

v.                                                              Case No. 1:19-cv-224

NOAH BRUNER,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 85). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

**ANALYSIS**

      In his verified complaint, Plaintiff alleges the following. (ECF No. 1). On September 1, 2018, Plaintiff "learned his psychotropic medication was wrongfully discontinued." Two days later, Plaintiff submitted a "formal complaint" regarding this matter, a copy of which was provided to social worker Noah Bruner. On September 7, 2018, Bruner met with Plaintiff to discuss his mental health treatment. Bruner informed Plaintiff that he would be placed on "Monday morning callout" for treatment and that if he failed to attend he would receive a misconduct ticket.

      On September 10, 2018, Plaintiff failed to attend his 8:30 a.m. callout after which Bruner charged Plaintiff with a misconduct for being out of place. Bruner subsequently instructed the hearing officer to impose on Plaintiff the maximum penalty for this

violation. On or about December 7, 2018, Bruner facilitated Plaintiff's transfer to a different MDOC facility where he was housed at a higher and more restrictive security level. Bruner took these actions to retaliate against Plaintiff for filing a grievance.

The Court previously dismissed all but one of Plaintiff's claims on the ground that Plaintiff had failed to properly exhaust his administrative remedies. (ECF No. 66, 70). At this juncture, the only claim remaining in this matter is Plaintiff's claim that Bruner charged him with a misconduct violation in retaliation for previously filing a grievance regarding the discontinuance of his psychotropic medication. Defendant Bruner now moves for summary judgment. Plaintiff has failed to respond to the motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350,

357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

**I.     Retaliation**

To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.  *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

Plaintiff alleges that, on September 10, 2018, Defendant Bruner charged him with a misconduct violation in retaliation for a grievance Plaintiff submitted on September 3, 2018, alleging that "his psychotropic medication was wrongfully discontinued."  Even if the Court assumes that Plaintiff can satisfy the first two elements of this claim, Plaintiff's claim fails because he cannot demonstrate the requisite causal connection.

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence."  *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012).  Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken.  *Thaddeus-X*, 175 F.3d at 399 (citations omitted).  Conclusory allegations of retaliatory motive are insufficient, however.  *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004).  Instead, Plaintiff must, at a minimum, allege a chronology of events from

which retaliation can plausibly be inferred. *See Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action. Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if he demonstrates that she "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42. Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019). Moreover, if Defendant demonstrates that "would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018).

In support of his motion for summary judgment, Defendant Bruner has submitted evidence that he did not learn that Plaintiff filed the grievance in question until the day *after* he charged Plaintiff with the misconduct violation. (ECF No. 86-3, PageID.409-11). Defendant further asserts that he properly charged Plaintiff with being "out of

place" because Plaintiff "refused" to exit his cell to attend a mental health examination. (*Id.*). Plaintiff has presented no evidence to the contrary or which otherwise creates a factual dispute on these points. Accordingly, the undersigned recommends that Defendant Bruner is entitled to summary judgment on Plaintiff's remaining retaliation claim.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant's Motion for Summary Judgment (ECF No. 85) be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 27, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judg